BRODY, Justice, specially concurring.
I agree with the Court's decision to vacate the district court's judgment and remand this case for further proceedings. I write separately to explain the basis for my conclusion.
The difference between my view and that articulated by the Court today stems from our interpretations of the district court's decisions. When the dust from the motion for summary judgment and motion for reconsideration settled, I understood the district court made four rulings:
1. The ROFR was personal to Canyon Cove.
2. The ROFR was a servitude burdening the ROFR Property which meant that it bound Mulberrys' successors.
3. The ROFR was appurtenant to the Purchased Property.
4. Canyon Cove's rights in the ROFR were extinguished when it transferred the Purchased Property to Burns Concrete.
The Court's decision, in contrast, concludes that the "district court properly determined the ROFR was personal to the parties...." My reading is that the district court determined the ROFR was personal to one party-Canyon Cove-and that it was binding on the Mulberrys' successors.
From a practical perspective, this difference of interpretation impacts the district court rulings that must be addressed. I agree with the Court that the district court *517 correctly ruled that the ROFR was personal to Canyon Cove. I have also concluded that there is no need to address the thorny issue of whether the ROFR was a servitude burdening the ROFR Property because both parties agree that this issue has not been appealed. Once it assumed that the ROFR was a servitude burdening the ROFR Property, however, it becomes necessary to examine the issue of whether the servitude burdening the ROFR Property was also a corresponding benefit appurtenant to the Purchased Property. The Court does not address this issue because it stopped its analysis when it concluded the ROFR was personal to both parties.
The district court analyzed the servitude issue using the framework of the RESTATEMENT (THIRD) OF PROP.: SERVITUDES § 4.6 ( AM. LAW INST. 2000). While there has been some criticism of this Restatement, it is reasonable to use the approach here in a case where the parties do not challenge the district court's foundational ruling that the ROFR was a servitude burdening the ROFR Property based on Restatement principles.
To determine whether the district court erred when it determined that the ROFR was appurtenant to the Purchased Property, it is important to start with Section 1.5 of the Restatement which defines the terms "appurtenant," "in gross," and "personal" as follows:
(1) "Appurtenant" means that the rights or obligations of a servitude are tied to ownership or occupancy of a particular unit or parcel of land. The right to enjoyment of an easement or profit, or to receive the performance of a covenant that can be held only by the owner or occupier of a particular unit or parcel, is an appurtenant benefit. A burden that obligates the owner or occupier of a particular unit or parcel in that person's capacity as owner or occupier is an appurtenant burden.
(2) "In gross" means that the benefit or burden of a servitude is not tied to ownership or occupancy of a particular unit or parcel of land.
(3) "Personal" means that a servitude benefit or burden is not transferable and does not run with the land. Whether appurtenant or in gross, a servitude benefit or burden may be personal.
Id. § 1.5 (emphasis added). Comment a to this section clarifies that while appurtenant benefits ordinarily run with land, they may be personal to a particular owner:
Only appurtenant benefits and burdens run with land, but the terms are not synonymous. Running with land means that the benefit or burden passes automatically to successors; appurtenant means that the benefit can be used only in conjunction with ownership or occupancy of a particular parcel of land , or that only the owner or occupier of a particular parcel is liable for failure to perform a servitude obligation. Appurtenant benefits and burdens ordinarily run with land, but they may be made personal to particular owners or occupiers of the land.
Id. § 1.5 cmt. a (emphasis added). In other words, even though a ROFR may be personal to a party, the exercise of that right may be "tied to ownership or occupancy of a particular unit or parcel of land." The district court ruled that the ROFR was personal to Canyon Cove and that it was tied to Canyon Cove's ownership of the Purchased Property. For me, this is where the district court's analysis missed the mark.
Section 4.5 sets forth the criteria used to determine whether a servitude benefit is appurtenant, in gross, or personal. It states:
(1) Except where application of the rules stated in § 4.1 leads to a different result, the benefit of a servitude is:
(a) appurtenant to an interest in property if it serves a purpose that would be more useful to a successor to a property interest held by the original beneficiary of the servitude at the time the servitude was created than it would be to the original beneficiary after transfer of that interest to a successor;
(b) in gross if created in a person who held no property that benefited from the servitude, or if it serves a purpose that would be more useful to the original beneficiary than it would be to a successor to an interest in property held by the original *518 beneficiary at the time the servitude was created;
(c) personal if not transferable under the rule stated in § 4.6(2).
(2) In cases of doubt, a benefit should be construed to be appurtenant rather than in gross.
Id. § 4.5. Section 4.1, which is referenced in the opening sentence of the foregoing provision, sets forth the foundational principle that a servitude should be interpreted to give effect to the intention of the parties as gleaned from the language of the instrument or the circumstances surrounding its creation:
A servitude should be interpreted to give effect to the intention of the parties ascertained from the language used in the instrument, or the circumstances surrounding creation of the servitude, and to carry out the purpose for which it was created.
Id. § 4.1. Reading Sections 4.1 and 4.5 together, unless the language of the instrument or the circumstances surrounding the creation of the ROFR would lead to a different result, the benefit of the ROFR is appurtenant to the Purchased Property if it serves a purpose that would be more useful to Burns Concrete than to Canyon Cove. The record simply does not support this conclusion.
I agree with the district court that the language of the ROFR does not address whether the ROFR is tied to the ownership of the Purchased Property and we must look at extrinsic evidence. Although the ROFR was signed at the time Canyon Cove and the Mulberrys closed on their purchase and sale agreement, the ROFR was set forth in a separate agreement titled "Undivided Right of First Refusal to Acquire Interest in Real Property" and was recorded in the county records against the ROFR Property (there was a legal description of the ROFR Property). Unchallenged, was an affidavit from Kirk Burns, the president of Burns Concrete, explaining that the Purchased Property sits between two other parcels owned by Burns Concrete (one 50 acres and one 35 acres) on the south side of 81st South Road. The ROFR Property is on the north side of 81st South Road and to the west of the Purchased Property (it is located across from Burns' 50 acre parcel that is not at issue in this case). Burns explained that the Purchased Property and the ROFR Property do not share irrigation systems, utilities, ingress or egress, or any easements. Given these undisputed and unchallenged facts, it was error for the district court to apply the rule in Section 4.5(2) which provides that in cases of doubt a servitude benefit should be construed to be appurtenant.
I agree with the Court that the ROFR was not extinguished when Canyon Cove attempted to assign it to Burns Concrete for the same reasons articulated by the Court.